IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMAR ANWAR WHITE,               :
                                 :
          Plaintiff,             :
                                 :
     v.                          :     Civil Action No. 05-92-JJF
                                 :
DANIEL BRAMBLE, DELAWARE         :
STATE POLICE, MARK B. CHERNEV,   :
and DEPARTMENT OF JUSTICE,       :
                                 :
          Defendants.            :

Jamar Anwar White, <u>Pro</u> <u>Se</u> Plaintiff.

<u>**MEMORANDUM OPINION**</u>

January 24 , 2006
Wilmington, Delaware

Farnan, District Judge.

Plaintiff, Jamar Anwar White, a <u>pro se</u> litigant, filed this action pursuant to 42 U.S.C. § 1983.  For the reasons discussed, Plaintiff's Complaint will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I.   STANDARD OF REVIEW

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two-step process.  First, the Court must determine whether the plaintiff is eligible for pauper status pursuant to 28 U.S.C. § 1915.  In this case, the Court granted Plaintiff leave to proceed <u>in forma pauperis</u> and assessed an initial partial filing fee of $15.55.  Plaintiff filed the required form authorizing the payment of fees from his prison account.

Once Plaintiff's eligibility for pauper status has been determined, the Court must "screen" the Complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).[1]  If the Court finds Plaintiff's

---

[1]These two statutes work in conjunction.  Section 1915(e)(2)(B) authorizes the court to dismiss an <u>in forma pauperis</u> complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  Section 1915A(a) requires the court to screen prisoner <u>in forma pauperis</u> complaints seeking redress from governmental entities, officers, or employees before docketing,

1

Complaint falls under any one of the exclusions listed in the statutes, then the Court must dismiss the Complaint.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the Court must apply the standard of review set forth in Fed. R. Civ. P. 12(b)(6). See Neal v. Pennsylvania Bd. of Prob. & Parole, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as the appropriate standard for dismissing claim under § 1915A). Accordingly, the Court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The United States Supreme Court has held that the term "frivolous" as used in Section 1915(e)(2)(B) "embraces not only the inarguable legal conclusion, but also the fanciful factual

_____

if feasible, and to dismiss those complaints falling under the categories listed in § 1915A(b)(1).

allegation." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).[2]
Consequently, a claim is frivolous within the meaning of Section
1915 (e)(2)(B) if it "lacks an arguable basis either in law or in
fact." <u>Id</u>.

## II.  DISCUSSION

By his Complaint, Plaintiff alleges that Defendants
Detective Bramble and the Delaware State Police illegally
retained Plaintiff's car and the articles inside, following the
execution of a search warrant.  Plaintiff further alleges that
six months later, without adequate notice to Plaintiff,
Defendants Deputy Attorney General Chernev and the Department of
Justice unconstitutionally sought and were granted a petition for
forfeiture of the car.

> A.   <u>Whether Plaintiff's Claims Against The Delaware State
>      Police, Detective Bramble, And The Department Of
>      Justice Are Barred By The Doctrine Of Sovereign
>      Immunity Under The Eleventh Amendment</u>

It is well-established that Section 1983 claims for
compensatory and punitive monetary damages against a state or a
state official in their official capacity are barred by the
Eleventh Amendment of the United States Constitution.  <u>Will v.
Michigan Dep't of State Police</u>, 491 U.S. 58, 66 (1989).  As for

---

[2]<u>Neitzke</u> applied § 1915(d) prior to the enactment of the
Prisoner Litigation Reform Act of 1995 (PLRA).  Section
1915(e)(2)(B) is the re-designation of the former § 1915(d) under
PLRA.  Therefore, cases addressing the meaning of frivolous under
the prior section remain applicable.  <u>See</u> § 804 of the PLRA,
Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

state officials in their official capacities, the Supreme Court
has further recognized that "a suit against a state official in
his or her official capacity is not a suit against the official
but rather is a suit against the official's office.  As such, it
is no different from a suit against the State itself."  Id. at 71
(citations omitted).  If a state official is sued in their
personal capacity, however, "the state is not the real party in
interest; the suit is therefore not barred by the Eleventh
Amendment."  Melo v. Hafer, 912 F.2d 628,635 (3d Cir. 1990).

Plaintiff has asserted claims against the Delaware State
Police, Detective Bramble, and the Department of Justice and is
seeking $5,400 in compensatory damages.  The claims against the
Delaware State Police and the Department of Justice are the
equivalent of claims against the State itself, and therefore, are
barred by sovereign immunity under the Eleventh Amendment. See
Will, 491 U.S. 58 (barring claim brought against the Michigan
State Police under the Eleventh Amendment); see also Brewster v.
County of Shasta, No. S-98-2157, 2000 U.S. Dist. LEXIS 15599, at
*1 n.1 (E.D. Ca. Sept. 21, 2000)(dismissing claim against state
department of justice pursuant to the Eleventh Amendment).
Plaintiff's claim against Detective Bramble is also the
equivalent of a claim against the State because Plaintiff is
suing Detective Bramble of the Delaware State Police in "that
capacity." (D.I. 2 at 3).  Accordingly, the Court concludes that

4

Plaintiff's claims against the Delaware State Police, Detective Bramble, and the Department of Justice are barred under sovereign immunity, and therefore, will be dismissed as frivolous.

B.    Whether Plaintiff's Claim Against The Deputy Attorney General Is Barred By Absolute Prosecutorial Immunity

The Supreme Court has concluded that prosecutors are absolutely immune for all actions performed in a "quasi-judicial" role.  See Imbler v. Pachtman, 424 U.S. 409, 430 (1976).  If a prosecutor has absolute immunity for a quasi-judicial action, any suit regarding such action is defeated from the start.  Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982).  In the Third Circuit, prosecutors have absolute immunity from suit under § 1983 for instituting and pursuing forfeiture proceedings.  Schrob v. Catterson, 948 F.2d 1402, 1411-13 (3d Cir. 1991).

Plaintiff alleges that Deputy Attorney General Chernev unconstitutionally petitioned for the forfeiture of Plaintiff's car.  (D.I. 2 at 4).  Because prosecutors are given absolute immunity for instituting and pursuing forfeiture proceedings, the Court concludes that "whether or not [Chernev's] actions were proper is of no relevance to" this suit.  Parker v. Wilson, No. 98-3531, 1999 U.S. Dist. LEXIS 1724, at *9 (E.D. Pa. 1999). Accordingly, the Court will dismiss as frivolous Plaintiff's claim against Deputy Attorney General Chernev.

5

## III. CONCLUSION

For the reasons discussed, Plaintiff's Complaint (D.I. 2) will be dismissed as frivolous.

An appropriate Order will be entered.